[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 1, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11386
Non-Argument Calendar

_____

Agency No. A98-113-628

QIN LIU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(November 1, 2007)**

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Petitioner Quin Liu ("Liu"), a citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision, affirming the Immigration Judge's ("IJ") denial of asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhumane or Degrading Treatment or Punishment ("CAT"), and the BIA's denial of his motion to remand, which was based on new evidence of a marriage certificate. Liu and his wife,Yuan Sun, who had been married in a traditional ceremony, were not legally married when Sun was subjected to a forcible abortion and sterilization. Sun was sterilized after Liu escaped sterilization by fighting and fleeing family planning authorities at the hospital. For the reasons that follow, we deny his petition for review and affirm the BIA's denial of his motion to remand.

## I.

On appeal, Liu argues that the BIA exceeded its scope of review by characterizing as "alleged," contrary to the IJ's findings: (1) Sun's coerced abortion; and (2) the "beating" that Liu received at the hands of the family planning officials. Liu contends that the BIA's treatment of these events seriously undermined his case.

Liu's contention that the BIA exceeded its scope of review is meritless. The BIA's reasons for denying asylum as to the abortion claim were based on Liu's failure to be part of a legal marriage and did not depend on whether there had been

2

an abortion, alleged or otherwise. Also, the IJ did not make specific findings regarding a beating, and Liu never testified that he was beaten.

## II.

Liu next argues that the fact that he was not legally married when the abortion and sterilization of his now legal wife occurred should not bar his asylum application because the BIA's determination that a legally recognized marriage during the relevant time period is required finds no support in precedent or the regulations. Liu asserts that, because the BIA's decision in the instant case is unpublished and, thus, not precedential rule-making, it is not entitled to deference under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S. Ct. 2778 (1984). Liu argues that his association and later legal marriage to his wife constituted a significant association, which could establish a well founded fear of future persecution, and the BIA's requirement of a legal marriage was contrary to this doctrine of imputed political opinion.

"[R]eview of the BIA's interpretation [of a statute] is informed by the principle of deference articulated in *Chevron*." *Castillo-Arias v. U.S. Att'y. Gen.*, 446 F.3d 1190, 1195 (11th Cir. 2006) (citations omitted), *cert. denied* 127 S. Ct. 977 (2007). Under *Chevron*, there is a two-step process, looking to see, first, if congressional purpose is clear. *Id.* If Congressional intent on an issue is ambiguous or silent, "a court may not substitute its own construction of a statutory

3

provision for a reasonable interpretation made by the administrator of an agency."

*Id.* (citation and quotation omitted).

In 1996, the definition of "refugee" was amended to include that:

[A] person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion, and a person who has a well founded fear that he or she will be forced to undergo such a procedure or subject to persecution for such failure, refusal, or resistance shall be deemed to have a well founded fear of persecution on account of political opinion.

INA § 101(a)(42), 8 U.S.C. § 1101(a)(42). The statute itself is silent on the issue of a spouse's derivative asylum. *See id.* The BIA has determined that the ability of one spouse to claim refugee status, under § 1101(a)(42), based on the forcible abortion or sterilization of the other spouse is limited to those legally married. *In re S-L-L-*, 24 I. & N. Dec. 1, 7 (BIA 1996) (*en banc*). We recently affirmed as reasonable the BIA's determination that legal marriage is required in order to extend derivative refugee status to a husband for his wife's forcible abortion. *See Yi Qiang Yang v. U.S. Att'y Gen.*, 494 F.3d 1311, 1317-18 (11th Cir. 2007).

Because we conclude that the BIA's interpretation of the asylum statute, denying derivative asylum to a partner not legally married at the time when his partner was subjected to a forcible abortion or sterilization, was reasonable, we defer to the BIA's interpretation.

4

Liu next argues that, since his marriage was legally registered in 2005, and he and Sun had been living as husband and wife since 1999, he was entitled to asylum protection due to his wife's past persecution, pursuant to the BIA's former decisions, which allow an applicant to establish asylum eligibility due to his/her spouse's forced sterilization. Liu recognizes that the BIA has limited this protection to married couples, but as he and his wife are now legally married, he claims that he has established the requisite nexus and level of harm for persecution, making him eligible for asylum. Liu also argues that he demonstrated "other resistance" to China's family planning policy by: (1) impregnating his wife; (2) having two children in secrecy and in violation of Chinese law; (3) escaping Chinese family planning officials who were planning on sterilizing him; and (4) going into hiding and refusing to pay fines imposed upon him.

We "review only the [BIA]'s decision, except to the extent that it expressly adopts the IJ's opinion." *Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." *Id.* To the extent that the IJ's and the BIA's decisions are based on a legal determination, review is *de novo*. *Mohammed v. Ashcroft*, 261 F.3d 1244, 1247-48 (11th Cir. 2001). Factual determinations, however, are reviewed under the "highly deferential substantial evidence test," which requires us to "view the record

5

evidence in the light most favorable to the [IJ]'s decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (*en banc*).

We have stated that:

> [A]sylum relief requires proof of two criteria. To establish asylum based on past persecution, the applicant must prove (1) that she was persecuted, and (2) that the persecution was on account of a protected ground. To establish eligibility for asylum based on a well-founded fear of future persecution, the applicant must prove (1) a 'subjectively genuine and objectively reasonable' fear of persecution, that is (2) on account of a protected ground.

*Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1236 (11th Cir. 2006) (citations omitted). In *Yang*, we also held that, even assuming that the petitioner established, under the "other resistance" clause of § 1101(a)(42), that he (1) "had an extremely close and committed relationship" with his partner, and (2) physically resisted family planning officials at the hospital in an attempt to prevent his partner's forced abortion, he could not establish that he was persecuted, where he only had a physical altercation with family planning officials at the hospital, was subpoenaed by the local security office, and was sought by family planning officials and "Village Cadres," who tried and were still seeking to arrest him. *Yang*, 494 F.3d at 1319. We held that, where the petitioner suffered no prolonged detention or physical violence, we were not compelled to conclude that the petitioner suffered past persecution. *Id.*

6

The record does not compel reversal of the BIA's determination that Liu had not suffered independent past persecution based on his resistance to family planning policies, because we conclude that a brief altercation with family planning officials and going into hiding to avoid arrest are not sufficient to establish persecution.[1]

**IV.**

Liu next argues that he established a well-founded fear of future persecution based on his resistance to family-planning laws. He contends that his wife's sterilization does not negate the possibility of future persecution, and the presumption of future persecution established by his wife's sterilization has not been rebutted. Additionally, he asserts that an outstanding fine creates a fear of future persecution because, as long as the fine remains unpaid, he and his wife will live in fear.

Asylum status can be established based on a well-founded fear of future persecution, by proving that there is "(1) a 'subjectively genuine and objectively

---

[1]Liu also argues for the first time on appeal that: (1) his wife's forced abortion and sterilization resulted in his emotional trauma and psychological persecution; (2) he was persecuted by the government's imposition of fines, which he was unable to pay; and (3) the government effectively deprived him of his livelihood, as he was forced into hiding. However, we lack jurisdiction to review these claims, as they were not exhausted below. *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250-51 (11th Cir. 2006).

reasonable' fear of persecution, that is (2) on account of a protected ground."

*Silva*, 448 F.3d at 1236 (citation omitted). We have held that:

> It is "well-established" that the well-founded fear inquiry contains both an objective and subjective component, i.e., the petitioner must be genuinely afraid and that fear must be objectively reasonable. As we have noted, "persecution" is an "extreme concept," requiring more than "a few isolated incidents of verbal harassment or intimidation," or "mere harassment." Furthermore, it is the petitioner's burden to present "specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution."

*Huang v. U.S. Att'y Gen.*, 429 F.3d 1002, 1009 (11th Cir. 2005) (citations and alterations omitted).

Because Liu was not able to demonstrate that the Chinese government still would be interested in arresting him three years after he left China, we conclude that he has not established a well-founded fear of future persecution.

## V.

Finally, Liu argues that, because the BIA has never required that marriages have to exist during all relevant time periods of the resistance to family planning, it should have granted his motion to remand to prove the current validity of his marriage.

Because the motion to remand requested additional proceedings to present new evidence regarding Liu's eligibility for relief, it was in the nature of a motion to reopen. *See Najjar*, 257 F.3d at 1301. We review the BIA's denial of a motion

8

to reopen for an abuse of discretion, and "the BIA's discretion is quite broad." *Gbaya v. U.S. Att'y Gen.*, 342 F.3d 1219, 1220 (11th Cir. 2003) (quotation omitted).

The marriage certificate did not add any new material information, as it only proved that he was currently legally married, not that he was married at the relevant time. Thus, we conclude that the BIA did not abuse its discretion in denying the motion.

For the above-stated reasons, we conclude that the BIA properly dismissed the appeal and denied the motion.

**PETITION DENIED.**